Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HILLEBRAND GORI FRANCE S.A.S.

     Plaintiff,

   - against –

MSC MEDITERRANEAN SHIPPING
COMPANY S.A.

     Defendants.
----------------------------------------------------------X

25 Civ.

**COMPLAINT**

Plaintiff, Hillebrand Gori France S.A.S., by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the ocean carrier's bill of lading, which provide for jurisdiction in this District for cargo shipments that originated in the United States.

## PARTIES

2. At all material times, Hillebrand Gori France S.AS., (hereinafter "Hillebrand" or "Plaintiff") was and is a corporation or other business entity with an office and place of business located at 11 rue Louis et Gaston Chevrolet, Vignoles, 21200, France and was the freight forwarder and consignee of a shipment of Empty Oak Wine Barrels, as more specifically described below.

3. At all material times, defendant, MSC Mediterranean Shipping Company S.A. (hereinafter "MSC" or "Defendant") was and is a corporation with an office and place of business located at 700 Watermark Blvd., Mt. Pleasant, South Carolina 29464, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

4. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

5. In or about July 2024 the cargo shipper SAS Boisset F.G.V. contracted with Hillebrand to arrange for the transport of a container load of Empty Oak Wine Barrels from Nuits-Saint-Georges, France to Oakland, California and to deliver same to its customer.

6. Hillebrand thereafter contracted with defendant MSC to perform the actual transportation of the goods. In so doing, Hillebrand was acting as the plaintiff's agent.

7. In or about July 31, 2024, a consignment consisting of 129 Empty Oak Wine Barrels, laden in container MSDU8260663, then being in good order and condition, was delivered to MSC, and/or its agents in Nuits-Saint-Georges by the cargo shipper. The cargo was booked for transit to Le Havre, France, ocean transit on board the M/V MSC ABIDJAN in Le Havre, France destined for the Oakland, California all in consideration of an agreed upon freight, and pursuant to MSC bill of lading no. MEDUF5565587.

8. Thereafter the aforementioned container was delivered to MSC, the aforementioned bill of lading was issued, and the container began transit to its final destination.

9. The aforementioned container was discharged in Oakland on or about September 9, 2024 after a transshipment in Sines, Portugal and thereafter delivered to the intended receiver on September 13, 2024.

10. Upon receipt of the container, the receiver noted wetting damage and mold to the cargo, standing water in the container and a hole in the container roof.

11. Cargo interests declared the cargo to be a constructive total loss and sold the cargo for salvage proceeds of $2,000.00.

12. Cargo interests sustained a loss totaling $130,168.97 as a result of the foregoing and claimed this sum against its freight forwarder, Hillebrand.

13. Hillebrand now claims this sum against MSC as the carrier responsible for the loss.

14. The loss sustained was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as a result of the negligence, fault, neglect, and breach of contract of carriage, on the part of the defendant and/or its agents.

15. As a result of the foregoing, Plaintiff suffered damages in the amount of approximately $130,168.97.

16. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $130,168.97.

## AS AND FOR A FIRST CAUSE OF ACTION

17. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 16, inclusive, as if herein set forth at length.

18. Pursuant to the contract of carriage entered into by and between the parties, the Defendant owed contractual and statutory duties to the aforementioned cargo owner to carry, bail,

keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

19. The Defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

20. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff suffered damages in the amount of $130,168.97.

21. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $130,168.97.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $130,168.97 plus interest and costs; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       November 10, 2025
       522-21

                                        **CASEY & BARNETT, LLC**
                                        Attorneys for Plaintiff

                                 By:    *Martin F. Casey*
                                        _____
                                        Martin F. Casey
                                        305 Broadway, Ste 1202
                                        New York, New York 10007
                                        (212) 286-0225